May Term,
1861.

DALE
v.
BUGH.

---

## DALE and Others *v.* BUGH.

In a proceeding for the foreclosure of a mortgage, where part only of the installments secured by it are due, the Court must inquire and find whether the mortgaged premises are susceptible of division, and such finding must be entered of record.

APPEAL from the *Blackford* Common Pleas.

HANNA, J.—Suit on notes, and to foreclose a mortgage. Judgment by default. A copy of the notes and mortgage are made exhibits. Two of the notes were not due ; nor does the mortgage appear to have been recorded. A purchaser from the mortgagors, subsequent to the date of the mortgage, is made a defendant, but it is not averred that he had notice of the mortgage. The record shows that the case was submitted to the Court on the complaint and exhibits.

After the judgment, and during the same term, the defendants appeared and moved the Court, upon written causes filed, to set aside the default and judgment, and permit them to defend. It is not shown that they had any defense, by any thing of record, other than as alleged in the written causes,

Tuesday,
June 4.

May Term, 1861.

which were not sworn to, and are, in substance: 1. That the complaint does not state facts sufficient. 2. The Court had not jurisdiction. 3. The judgment is for too great an amount. 4. The judgment is contrary to law. 5. The judgment is not sustained by the finding of the Court.

The judgment was for the whole amount of the note due, and those not then due, and that the land be sold therefor; and directed that upon the payment of the amount due, execution should not issue until the second note should become due.

There was no finding as to whether the land was susceptible of division. There should have been a finding and entry upon that point. *Frame* v. *Bell, ante,* p. 229. As the proceeding was intended to conclude the subsequent purchaser, perhaps proof should have been offered upon the fact that he had notice.

The judgment should be reversed back to the default; but, so far as there is any thing in the record, we do not see that the default should be set aside to permit the introduction of a defense, as it is not shown that any such exists.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*W. Brotherton, A. Kilgore* and *C. E. Shipley,* for the appellants.